**ROBIN LEFLORE**　　　　　*　　　NO. 2021-C-0735

**VERSUS**　　　　　　　　　　*

　　　　　　　　　　　　　　　　　**COURT OF APPEAL**

**VALERO REFINING**　　　　*

**MERAUX, LLC**　　　　　　　　**FOURTH CIRCUIT**

　　　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　**STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPLICATION FOR WRITS DIRECTED TO
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-0468, DIVISION "DIVISION D"
Honorable Darren M. Roy
**\* \* \* \* \* \***
**Judge Nakisha Ervin-Knott**
**\* \* \* \* \* \***

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Nakisha Ervin-Knott)

Jacque R. Touzet
Jacque Touzet, Attorney at Law
900 Camp St., Floor 3
New Orleans, LA 70130

Raymond P. Ward
Roland M. Vandenweghe, Jr.
Taylor E. Brett
Adams and Reese LLP
701 Poydras St., Suite 4500
New Orleans, LA 70139

　　　　COUNSEL FOR RELATOR

Lance V. Licciardi
Licciardi Law Office, L.L.C.
1019 W. Judge Perez Dr.
Chalmette, LA 70043

Michael C. Ginart, Jr.
Law Offices of Michael C. Ginart, Jr.
2114 Paris Rd.
Chalmette, LA 70043

4900350

David C. Jarrell
Law Offices of David C. Jarrell, A.P.L.C.
9101 W. St. Bernard Hwy.
Chalmette, LA 70043

COUNSEL FOR RESPONDENT

**WRIT GRANTED; NOVEMBER 15, 2021 JUDGMENT
REVERSED; AND JUDGMENT RENDERED
April 18, 2023**

4900350

NEK
JCL
RML

This matter is before the Court on remand from the Louisiana Supreme Court. In a per curiam, the Louisiana Supreme Court ordered that this Court reconsider its previous ruling in light of the decision in *Spencer v. Valero Ref. Meraux, L.L.C.*, 2022-00469, 2022-00539, 2022-00730 (La. 1/27/23), 356 So. 3d 936. For the following reasons, we grant the writ and reverse the district court's judgment.

### **Relevant Facts and Procedural History**

This case is one of many that arises from a refinery explosion. The Louisiana Supreme Court explained the background to the underlying action as follows:

> On April 10, 2020, at approximately 12:45 a.m., an accident, fire, and explosion ("the explosion") occurred in the hydrocracker unit at the Valero refinery in Meraux, Louisiana. The fire was extinguished at approximately 10:00 a.m. on April 11, 2020, and the all-clear was given. No significant levels of chemicals were detected as a result of the explosion. Multiple residents in the vicinity of the refinery filed suit for the negligent infliction of emotional distress.

*Spencer*, 2022-00469, 2022-00539, 2022-00730, pp. 1-2, 356 So. 3d at 940-41.

Robin Leflore is one of the residents who witnessed the event and filed suit. On July 16, 2020, Ms. Leflore filed a Petition for Damages with the Justice of the

Peace Court in St. Bernard Parish. Valero Refining Meraux, LLC (herein "Valero") answered and sought to dismiss the petition. On March 29, 2021, the Justice of the Peace dismissed the case, and Ms. Leflore appealed to the 34th Judicial District Court. The district court held a trial *de novo* on October 26, 2021, during which it considered argument, evidence, and testimony from the parties. On November 15, 2021, the district court issued a judgment in favor of Ms. Leflore in the amount of $1,750.00 for general damages and $500 in *Lejeune* damages.

Valero timely filed a supervisory writ with this Court. In its writ application, Valero argued that the district court erred in awarding general damages for emotional distress when Ms. Leflore had not suffered any physical injury from the explosion. On March 8, 2022, we denied the writ in part, specifically finding that there was a special likelihood of Ms. Leflore experiencing genuine and serious mental distress after witnessing the refinery explosion. However, we reversed the district court's award of *Lejeune* damages because the record did not support a finding that such damages were severe, debilitating, and foreseeable.

Valero then filed a supervisory writ with the Louisiana Supreme Court. On January 27, 2023, the Louisiana Supreme Court issued its decision in *Spencer*. On April 4, 2023, the Louisiana Supreme Court granted writ in this case and remanded the matter back for reconsideration in light of its opinion in *Spencer*. *See Leflore v. Valero Ref. Meraux, LLC*, 2022-00752 (La. 4/4/23), ___ So.3d ____, ____, 2023 WL 2769488.

**Discussion**

***The Spencer Decision***

The plaintiffs in the *Spencer* case were similarly situated to Ms. Leflore. The plaintiffs in *Spencer* all lived near the Valero refinery and witnessed the explosion.

Although none of the plaintiffs had sought therapy, all noted that they experienced anxiety from the explosion. They all received monetary judgments for emotional distress in their favor despite not having suffered a physical injury from the explosion.

In analyzing the claims, the Louisiana Supreme Court determined that public policy considerations require reasonable limits be placed on recovery for negligent infliction of emotional distress damages, especially for claims that do not have an accompanying physical damage or injury. *Spencer*, 2022-00469, 2022-00539, 2022-00730, p. 10, 356 So. 3d at 946. In order to recover such damages absent a physical injury, a plaintiff must prove that there was a special likelihood of genuine and serious mental distress arising from special circumstances. *Id*. at p. 16, 356 So. 3d at 950 (quoting *Moresi v. State Through Dep't. of Wildlife & Fisheries*, 567 So. 2d 1081, 1096 (La. 1990)). However, "[t]his rule must be 'stringently applied' in cases that are inherently speculative in nature." *Id*. (quoting *Bonnette v. Conoco, Inc.*, 2001-2767, p. 24 (La. 1/28/03), 837 So. 2d 1219, 1235). Evidence of generalized fear or mere inconvenience is insufficient to meet this standard. *Id*. A plaintiff must show that his or her mental disturbance was serious. *Id*. Ultimately, the Louisiana Supreme Court determined that none of the plaintiffs in the case put forth sufficient evidence to prove that their mental disturbances were serious. *Id*. at p. 18. As such, the record did not support a reasonable basis for the awards, and the Louisiana Supreme Court reversed the lower courts awards for negligent infliction of emotional distress damages.

### *On Remand*

The Louisiana Supreme Court noted in *Spencer* that this Court must review the district court's factual determination under a manifest error standard. *Spencer*,

2022-00469, 2022-00539, 2022-00730, p. 8, 356 So. 3d at 945. Under this standard, we must review the record in its entirety and determine that a reasonable factual basis for the determination does not exist for the district court's ruling. *Id.* (citing *Stobart v. State, through the Dep't of Transp. & Dev.*, 617 So. 2d 880, 882 (La. 1993)).

At the trial of this matter, Ms. Leflore testified that she lived with her family and cared for her sister, who was diagnosed with ALS and required the use of a feeding tube and ventilator. Her home is located about five blocks away from Valero's refinery. On the night of the incident, Ms. Leflore was changing her sister's tracheotomy when the explosion occurred. She testified that the house shook and the lights flickered. She testified that she was afraid and felt as if she and her family were going to die. She stayed up the rest of the night caring for her sister, who was panicked after hearing the explosion. Ms. Leflore testified that she took two days off from work after the incident, but she also admitted that she had not sought medical attention and that her property had not sustained any damage. Ms. Leflore did not provide any further evidence regarding her mental anguish.

Ms. Leflore's niece, Kevreion Raines, was a plaintiff in *Spencer*. Ms. Leflore lives with Ms. Raines and their extended family, and the two shared similar experiences the night of the explosion. The Louisiana Supreme Court determined that Ms. Raines, like the other plaintiffs, did not provide sufficient evidence to support a finding that her mental disturbance was serious. Similar to the *Spencer* plaintiffs, Ms. Leflore also failed to put forth sufficient evidence to show that her mental disturbance was serious and more than a generalized fear or inconvenience. In light of this, we find that the record does not contain a reasonable basis to

4

support the district court's award for negligent infliction of emotional distress damages.

## Decree

For the foregoing reasons, we grant Valero's supervisory writ and reverse the judgment of the district court awarding Ms. Leflore general damages. In accordance with our previous determination, we also reverse the judgment of the district court awarding Ms. Leflore *Lejeune* damages.

**WRIT GRANTED; NOVEMBER 15, 2021 JUDGMENT REVERSED; AND JUDGMENT RENDERED**